IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER HOFFMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-1005 |
| | : | |
| v. | : | |
| | : | |
| MELISSA KARPOVICH, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                          June 1, 2022

The *pro se* plaintiff has applied for leave to proceed *in forma pauperis* and has filed a complaint asserting claims against the defendant police officer under 42 U.S.C. § 1983. The plaintiff alleges that the defendant violated her constitutional rights when the defendant issued the plaintiff a traffic citation for driving while her operating privileges were suspended or revoked. The plaintiff appears to complain that, *inter alia*, the citation contained incorrect information, including the wrong date.

Although the court will allow the plaintiff leave to proceed *in forma pauperis*, the court must dismiss the complaint because the plaintiff has failed to state a plausible claim for a constitutional violation. As the plaintiff is proceeding *pro se*, the court will allow her an opportunity to file an amended complaint to the extent she can assert a plausible claim for relief.

I.      **ALLEGATIONS AND PROCEDURAL HISTORY**

On March 15, 2022, the *pro se* plaintiff, Heather Hoffman ("Hoffman"), commenced this action by filing an application for leave to proceed *in forma pauperis* and a complaint. *See* Doc. Nos. 1, 2. In the complaint, Hoffman alleges that the defendant, Melissa Karpovich ("Karpovich"), a police officer with the Caernarvon Township Police Department, mailed a traffic citation to

Hoffman's address. *See* Compl. at ECF pp. 2, 3, Doc. No. 2. Karpovich cited Hoffman for operating a motor vehicle with a suspended or revoked license at the 3800 block of Main Street in Caernarvon Township, Pennsylvania. *See id.* at EF pp. 3, 4, 12, 13.

With regard to this citation, the public docket entries reflect that Hoffman appeared in Magisterial District Court before Magisterial District Judge David E. Glass, who found Hoffman guilty of Driving While Operating Privileges Suspended or Revoked.[1] *See Commonwealth v. Hoffman*, No. MJ-23301-TR-425-2021, *available at*: https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-23301-TR-0000425-2021&dnh=lQxDUE0NliYP8SaqRm9gjA%3D%3D. Hoffman filed a summary appeal, which Berks County Court of Common Pleas Judge John Boccabella dismissed on March 22, 2022. *See Commonwealth v. Hoffman*, No. CP-06-SA-281-2021 (Berks Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-06-SA-0000281-2021&dnh=twe%2B8AepfzuMekx01NGO0w%3D%3D. Judge Boccabella imposed a penalty which included fines, costs, and restitution as well as notification to the Pennsylvania Department of Transportation of Hoffman's conviction. *See id.* Hoffman appealed from this decision, and this appeal is still pending in the Superior Court of Pennsylvania. *See id.*; *Commonwealth v. Hoffman*, No. 613 EDA 2022 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=613%20MDA%202022&dnh=csxFe1Y7W5S%2B6QJpOLHl2Q%3D%3D.

Along with her challenges to the citation, Hoffman raises claims here against Karpovich based on alleged misstatements Karpovich included in the citation. More specifically, Hoffman alleges that Karpovich improperly issued the traffic citation to Hoffman while she was on private

---

[1] The court takes judicial notice of these public records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

property. *See* Compl. at ECF p. 4. She also claims that Karpovich included the wrong date (February 20, 2021) on the citation instead of March 1, 2021, and that her license has been valid since December 2002. *See id.* at ECF pp. 4–5. She also appears to assert that despite Karpovich stating that she pulled over Hoffman, Hoffman could not have been operating a vehicle because she was in "bed on that day[, b]oth 2/20/21 and 3/1/21 at 4 am." *Id.* at ECF p. 4.

Hoffman contends that Karpovich's actions violated her Fourth and Fourteenth Amendment rights and asserts causes of action under 42 U.S.C. § 1983.[2] *See id.* at ECF p. 3. For relief, Hoffman seeks, *inter alia*, $5,000 in punitive damages, "harsher sanctions [for Karpovich]—demote; fire; or incarcerate," and a correction of her driver's license record.[3] *Id.* at ECF p. 4.

## II.  DISCUSSION

### A.  The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §

---

[2] Hoffman also refers to the Fifth and Eighth Amendment in her complaint. *See* Compl. at ECF p. 3. To the extent she is raising claims under these amendments, her claims fail. The Fifth Amendment is inapplicable because Karpovich is not alleged to be a federal official. *See Santos v. Sec. of D.H.S.*, 532 F. App'x 29, 33 (3d Cir. 2013) (citing *Citizens for Health v. Leavitt*, 428 F.3d 167, 178 n.11 (3d Cir. 2005)). Nor can the court discern any plausible basis for an Eighth Amendment claim in this case.

[3] Regarding this latter request for relief, Hoffman asks that the court "correct the record PennDot [sic] cannot refuse to correct." Compl. at ECF p. 6 (emphasis omitted).

> 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Hoffman is unable to prepay the fees to commence this civil action. Therefore, the court will grant her leave to proceed *in forma pauperis*.

   **B.**  <u>**Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**</u>

Because the court has granted Hoffman leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks

monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts

sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C.  Analysis

As indicated above, Hoffman is seeking relief in this case under 42 U.S.C. § 1983 based on alleged Fourth and Fourteenth Amendment violations when the summary traffic citation was issued and Hoffman's license was suspended. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color

6

of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

### 1. Hoffman's Fourth Amendment Claim

Hoffman has referenced the Fourth Amendment, and the court understands her to be asserting a Fourth Amendment malicious prosecution claim against Karpovich. To state a section 1983 claim for malicious prosecution under the Fourth Amendment, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted). Regarding the fifth element, "the issuance of traffic citations and the burden of fighting the violations in court—even fraudulent ones—do not give rise to a constitutional deprivation contemplated for a valid § 1983 claim." *Simpson v. Thompson*, Civ. A. No. 1:19-CV-971, 2020 WL 954016, at *4 (M.D. Pa. Feb. 27, 2020) (citations omitted); *see also Malcomb v. Dietz*, 487 F. App'x 683, 685–86 (3d Cir. 2012) (concluding that district court properly dismissed malicious prosecution claim based on issuance of traffic citation because plaintiff "did not suffer a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding" insofar as he was only "issued a traffic citation, ordered to appear in Magisterial District Court, and temporarily deprived of his driving privileges while incarcerated on other charges [and] . . . was not arrested, detained, or restricted in his travel." (citation omitted)); *Holmes v. McGuigan*, 184 F. App'x 149, 151–52 (3d Cir. 2006) ("[T]he only deprivation of liberty that resulted from [the plaintiff's] traffic citation was the

7

requirement that she appear in court. . . . "[H]aving to defend oneself against a speeding ticket is not a seizure."); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) ("[The plaintiffs] were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions. Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure. DiBella and McLaughlin failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure." (internal citations omitted)).

Here, Hoffman has alleged that Karpovich issued her a traffic citation for driving with a suspended or revoked license. Hoffman appeared in Magisterial District Court to defend against the charges. Other than her appearance in magisterial court, Hoffman has not alleged that she was arrested, detained, or restricted in her travel.[4] *See DiBella*, 407 F.3d at 603 (describing requirements for plausible Fourth Amendment seizure). Because Hoffman has not alleged a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceedings, the court will dismiss Hoffman's Fourth Amendment malicious prosecution claim.

### 2. Hoffman's Fourteenth Amendment Claim

The court has interpreted Hoffman's reference to the Fourteenth Amendment in the complaint as her intent to assert a procedural due process claim against Karpovich. Pursuant to the Fourteenth Amendment, "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Due process protections extend to both

---

[4] In her requests for relief, Hoffman alleged that she fears "being further falsely incarcerated as years before and proven – or worse just for sleeping." Compl. at ECF p. 6. The court has interpreted this statement as Hoffman indicating that she was incarcerated at some point years prior to the citation at issue in this case, not that she was incarcerated in connection with her citation, and that she fears incarceration in the future.

substantive and procedural violations of the Fourteenth Amendment. *See Planned Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846–87 (1992) ("[I]t is settled that the due process clause of the Fourteenth Amendment applies to matters of substantive law as well as to matters of procedure." (citation and internal quotation marks omitted)). "[T]he substantive component of the Clause ... protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Whereas the procedural component "provide[s] a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a State." *Id.*

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Due process "is a flexible concept that varies with the particular situation." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Generally, "the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." *Id.* (citations omitted). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) [the plaintiff] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [the plaintiff] did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). When a party has access to full judicial process "the state has provided adequate procedural due process." *DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell*, 53 F.3d 592, 597 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.*, 316 F.3d 392 (3d Cir. 2003).

On its face, the complaint fails to identify any process not afforded to Hoffman. To the contrary, Hoffman appears to have been given notice of the citation and several layers of process to provide her an opportunity to respond to and challenge the citation. First, she appeared for a hearing in magisterial district court where Hoffman was able to "impeach" Karpovich. *See* Compl. at ECF pp. 4–5. Then, after being found guilty of the citation, Hoffman appealed her summary conviction to the Court of Common Pleas where she received a second opportunity to present her case at hearing before Berks County Judge Boccabella. She further availed herself of additional process by appealing Judge Boccabella's guilty finding to the Pennsylvania Superior Court. It therefore appears that Hoffman has had process, and she has not alleged that she lacked notice or an opportunity to be heard. Accordingly, the court will dismiss Hoffman's Fourteenth Amendment claim. *See King v. City of Philadelphia*, 654 F. App'x 107, 111 (3d Cir. 2016) (per curiam) ("In the context of traffic ticket enforcement and adjudication, procedures substantially similar to Philadelphia's—which provides ample notice and multiple opportunities for both administrative agency and state court review of disputed parking violations—satisfy the requirements of due process."); *cf. Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

### III. CONCLUSION

For the foregoing reasons, the court will grant Hoffman leave to proceed *in forma pauperis*, and will dismiss her claims under the Fourth and Fourteenth Amendments for failure to state a claim. As Hoffman is proceeding *pro se*, the court will grant her leave to file an amended complaint to address the deficiencies identified in this opinion. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must

offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile").

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.