IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER HOFFMAN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-1005 |
| | : | |
| v. | : | |
| | : | |
| MELISSA KARPOVICH, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                   August 16, 2022

The *pro se* plaintiff sought leave to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983, where she alleges in her complaint that a township police officer violated her constitutional rights when the officer mailed her a traffic citation for operating a motor vehicle while her license was suspended or revoked. The court previously granted the plaintiff leave to proceed *in forma pauperis* and, after screening her allegations as required by 28 U.S.C. § 1915(e)(2), dismissed the complaint without prejudice for the failure to state a claim. The court dismissed the complaint, while interpreting the plaintiff's allegations as falling under the Fourth and Fourteenth Amendments, because (1) to the extent she was asserting a Fourth Amendment malicious prosecution claim, she had not alleged that she suffered from an actionable seizure insofar as she did not allege that she was arrested, detained, or restricted in her travel, and (2) to the extent that she was asserting a Fourteenth Amendment procedural due process claim, she failed to allege or identify any process she was deprived of in this case. Although it appeared that the plaintiff would not be able to remedy the deficiencies in her allegations, because she was proceeding *pro se*, the court provided her with an opportunity to cure the deficiencies by filing an amended complaint.

The plaintiff has filed an amended complaint, but it wholly fails to correct the deficiencies the court identified with the allegations in the original complaint. Instead, it is even less specific than the original complaint, although it does appear to assert the same general factual scenario which formed the basis of the original complaint. At bottom, the plaintiff has once again failed to state a plausible constitutional claim. Therefore, the court will dismiss the amended complaint for the failure to state a claim. This dismissal will be with prejudice insofar as the court finds that allowing the plaintiff to file a second amended complaint would be futile.

### I.     ALLEGATIONS AND PROCEDURAL HISTORY

On March 15, 2022, the *pro se* plaintiff, Heather Hoffman ("Hoffman"), commenced this action by filing an application for leave to proceed *in forma pauperis* ("IFP Application") and a complaint. *See* Doc. Nos. 1, 2. In the complaint, Hoffman essentially alleged that the defendant, Melissa Karpovich ("Karpovich"), violated her constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments when Karpovich, a township police officer, issued Hoffman a traffic citation for operating a motor vehicle with a suspended or revoked license. *See* Compl. at ECF pp. 3–13, Doc. No. 2.[1] For relief, Hoffman sought, *inter alia*, $5,000 in punitive damages, "harsher sanctions [for Karpovich]—demote; fire; or incarcerate," and a correction of her driver's license record. *Id.* at ECF p. 4.

---

[1] In the complaint, Hoffman alleged that Karpovich, a police officer with the Caernarvon Township Police Department, mailed a traffic citation to Hoffman's address. *See* Compl. at ECF pp. 2, 3. Karpovich cited Hoffman for operating a motor vehicle with a suspended or revoked license at the 3800 block of Main Street in Caernarvon Township, Pennsylvania. *See id.* at ECF pp. 3, 4, 12, 13.
  Hoffman challenged the issuance of the citation along with alleged misstatements Karpovich included in the citation. More specifically, Hoffman alleged that Karpovich improperly issued the traffic citation to Hoffman while she was on private property. *See id.* at ECF p. 4. She also claimed that Karpovich included the wrong date (February 20, 2021) on the citation instead of March 1, 2021, and that her license has been valid since December 2002. *See id.* at ECF pp. 4–5. She also appeared to assert that despite Karpovich stating that she pulled over Hoffman, Hoffman could not have been operating a vehicle because she was in "bed on that day[, b]oth 2/20/21 and 3/1/21 at 4 am." *Id.* at ECF p. 4.

After reviewing the IFP Application and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court entered a memorandum opinion and order on June 1, 2022, which, *inter alia* (1) granted the IFP Application, (2) determined that Hoffman did not state a plausible claim under (a) the Fifth Amendment because Karpovich is not a federal official, (b) the Eighth Amendment because she did not allege any cruel and unusual punishment via the issuance of a citation, (c) the Fourth Amendment for malicious prosecution because Hoffman failed to allege a deprivation of liberty consistent with the concept of seizure as a consequence of legal proceedings when she merely alleged that Karpovich mailed her a traffic citation, and (d) the Fourteenth Amendment for a denial of procedural due process because Hoffman failed to identify any process that was not offered to her, (3) dismissed the complaint without prejudice, and (4) provided Hoffman with 30 days to file an amended complaint. *See* Mem. Op. at 3, 7–10, Doc. No. 7; Order at 1, Doc. No. 8. Hoffman sought an extension of time to file an amended complaint, *see* Doc. No. 9, and the court entered an order extending the time for Hoffman to file an amended complaint to August 1, 2022. *See* Doc. No. 10. Hoffman then filed a second request for an extension of time to file an amended complaint, *see* Doc. No. 12, but the court denied this request via an order entered on July 22, 2022. *See* Doc. No. 13.

Hoffman timely filed an amended complaint on July 24, 2022.[2] *See* Doc. No. 14. In the amended complaint, Hoffman repeats the allegations she included with the original complaint. *Compare* Compl. at ECF pp. 3–13, *with* Am. Compl. at ECF pp. 2–8, Doc. No. 14. Hoffman again indicates that she was on "private property on both 2/20/21 and 3/1/21" when she received a traffic citation from Karpovich. *See* Am. Compl. at ECF p. 2. It appears that Hoffman asserts that the time referenced in the citation was incorrect insofar as she was in rental property at the time. *See*

---

[2] Hoffman's amended complaint consists of photographs of the pages of the amended complaint. *See* Doc. No. 14.

3

*id.* In addition, Hoffman asserts that no evidence of Hoffman being pulled over was provided to the Berks County District Attorney; Karpovich "was impeached"; there was no dash cam or "officer cam" evidence; and "[h]earsay is not evidence is factually some of what happened." *Id.* at ECF pp. 2–3.

Due to Hoffman receiving this citation from Karpovich, Hoffman claims to have suffered the following injuries: (1) mental stress and anguish; (2) invasion of privacy; (3) "very bad emotional stress reaction"; (4) "heart attack (1/4 cauation [sic] claimed (for attack herein only))"; (5) "fear of being killed and it [sic] covered up"; (6) "fear of my son being killed"; (7) "false incarceration"; (8) job loss; (9) therapy for months, for which she is still in treatment with a doctor; and (10) post-traumatic stress disorder. *Id.* at ECF p. 3. For relief, Hoffman appears to request that the court "stop all future proceedings with [her] name and likeness intentionally." *Id.* She also appears to request that the court order "Lincoln General to pay $25,000 default judgment from 1 LIN 2015." *Id.* at ECF p. 4.

As the court noted in the opinion addressing the IFP Application and the original complaint, the public docket entries reflect that Hoffman appeared in Magisterial District Court before Magisterial District Judge David E. Glass, who found Hoffman guilty of Driving While Operating Privileges Suspended or Revoked.[3] *See Commonwealth v. Hoffman*, No. MJ-23301-TR-425-2021, *available at*: https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-23301-TR-0000425-2021&dnh=lQxDUE0NliYP8SaqRm9gjA%3D%3D. Hoffman filed a summary appeal, which Berks County Court of Common Pleas Judge John Boccabella dismissed on March 22, 2022. *See Commonwealth v. Hoffman*, No. CP-06-SA-281-2021 (Berks Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-06-SA-

---

[3] The court takes judicial notice of these public records. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

4

0000281-2021&dnh=twe%2B8AepfzuMekx01NGO0w%3D%3D. Judge Boccabella imposed a penalty which included fines, costs, and restitution as well as notification to the Pennsylvania Department of Transportation of Hoffman's conviction. *See id.* Hoffman appealed from this decision, and this appeal is still pending in the Superior Court of Pennsylvania. *See id.*; *Commonwealth v. Hoffman*, No. 613 MDA 2022 (Pa. Super.), *available at*: https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=613%20MDA%202022&dnh=csxFe1Y7W5S%2B6QJpOLHl2Q%3D%3D.

## II.  DISCUSSION

### A.  Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Hoffman leave to proceed *in forma pauperis*, the court must examine whether the amended complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe

his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's operative complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### B.     Analysis

As with the original complaint, Hoffman is seeking relief in this case under 42 U.S.C. § 1983, and the court has again interpreted her claims as being based on alleged Fourth and Fourteenth Amendment violations when the summary traffic citation was issued. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

In the original complaint, Hoffman mentioned the Fourth Amendment and the court understood her to be asserting a Fourth Amendment malicious prosecution claim against Karpovich. *See* Compl. at ECF p. 3, Doc. No. 2; June 1, 2022 Mem. Op. at 7–8, Doc. No. 7.[4] In the amended complaint, Hoffman does not reference any constitutional amendment as the basis for her claims. *See* Am. Compl. at ECF pp. 2–7. Nevertheless, the court again understands Hoffman as attempting to assert a Fourth Amendment malicious prosecution claim.

As the court previously explained, *see* June 1, 2022 Mem. Op. at 7–8, to state a section 1983 claim for malicious prosecution under the Fourth Amendment, Hoffman must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted). Regarding the fifth element, "the issuance of traffic citations and the burden of fighting the violations in court—even fraudulent ones—do not give rise to a constitutional deprivation contemplated for a valid § 1983 claim." *Simpson v. Thompson*, Civ. A. No. 1:19-CV-971, 2020 WL 954016, at *4 (M.D. Pa. Feb. 27, 2020) (citations omitted); *see also Malcomb v. Dietz*, 487 F. App'x 683, 685–86 (3d Cir. 2012) (concluding that district court properly dismissed malicious prosecution claim based on issuance of traffic citation because plaintiff "did not suffer a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding" insofar as he was only "issued a traffic

---

[4] In the memorandum opinion, the court noted that although Hoffman also referenced the Fifth and Eighth Amendments in the complaint, she had failed to state a claim under either amendment. *See* June 1, 2022 Mem. Op. at 3 n.2. There is no indication that Hoffman is asserting claims under these amendments in the amended complaint. Even if she was attempting to assert such claims, she has failed to state a claim for the same reasons the court articulated in the prior memorandum opinion. *See id.*

Additionally, although Hoffman mentioned the Fourteenth Amendment in the original complaint, she has not mentioned that amendment in the amended complaint. The court has not interpreted Hoffman's allegations in the amended complaint as asserting a Fourteenth Amendment claim. If Hoffman had attempted to assert such a claim, the court would dismiss it for the same reasons asserted in the prior memorandum opinion. *See id.* at 8–10.

8

citation, ordered to appear in Magisterial District Court, and temporarily deprived of his driving privileges while incarcerated on other charges [and] . . . was not arrested, detained, or restricted in his travel." (citation omitted)); *Holmes v. McGuigan*, 184 F. App'x 149, 151–52 (3d Cir. 2006) ("[T]he only deprivation of liberty that resulted from [the plaintiff's] traffic citation was the requirement that she appear in court. . . . "[H]aving to defend oneself against a speeding ticket is not a seizure."); *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) ("[The plaintiffs] were only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services. Their liberty was restricted only during the Municipal Court trials and the Fourth Amendment does not extend beyond the period of pretrial restrictions. Pretrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure. DiBella and McLaughlin failed to state a cause of action for malicious prosecution because their attendance at trial did not qualify as a Fourth Amendment seizure." (internal citations omitted)).

Here, Hoffman has once again alleged that Karpovich issued her a traffic citation for driving with a suspended or revoked license. As demonstrated by the publicly available docket entries, Hoffman appeared in Magisterial District Court to defend against the charges. Other than her appearance in magisterial court, Hoffman has not alleged that she was arrested, detained, or restricted in her travel.[5] *See DiBella*, 407 F.3d at 603 (describing requirements for plausible Fourth Amendment seizure). Because Hoffman has again failed to allege a deprivation of liberty consistent with the concept of seizure because of a legal proceeding, the court will dismiss her Fourth Amendment malicious prosecution claim.

---

[5] In her requests for relief, Hoffman alleged that she fears "being further falsely incarcerated as years before and proven – or worse just for sleeping." Compl. at ECF p. 6. The court has interpreted this statement as Hoffman indicating that she was incarcerated at some point years prior to the citation at issue in this case, not that she was incarcerated in connection with her citation, and that she fears incarceration in the future.

### III. CONCLUSION

For the foregoing reasons, the court will dismiss Hoffman's amended complaint for the failure to state a plausible claim.[6] Although Hoffman is proceeding *pro se*, the court will not grant her leave to file a second amended complaint because the court finds that allowing her another opportunity to fix the operative complaint would be futile. In this regard, the court notes that despite providing Hoffman with 60 days to file an amended complaint, she submitted an amended complaint that was more disorganized than her original complaint and it did not address any of the deficiencies the court identified with the original complaint. This failure, in conjunction with her apparent inability to assert a plausible Fourth Amendment claim based on a traffic citation, compels the court to dismiss the amended complaint with prejudice. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile").

---

[6] The court notes that Hoffman appears to claim that Karpovich's testimony was impeached at some point. *See* Am. Compl. at ECF p. 2. To the extent that Hoffman attempts to raise a claim relating to any purported false testimony from Karpovich, she has failed to state a plausible claim as Karpovich would be absolutely immune from such a claim. *See Briscoe v. LaHue*, 460 U.S. 325, 343 (1983) ("Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors, 'could be expected with some frequency.' Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 425 (1976))); *see also Williams v. Hepting*, 844 F.2d 138, 142 (3d Cir. 1988) (concluding that immunity for witnesses covers testimony given in pretrial proceedings and at trial).

The court will enter a separate order.

                                              BY THE COURT:


                                              /s/ *Edward G. Smith*
                                              EDWARD G. SMITH, J.